UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| John Liaudois, <br><br> Plaintiff, <br><br> v. <br><br> Select Portfolio Servicing, Inc. <br> c/o Illinois Corporation Service Co. <br> 801 Adlai Stevenson Drive <br> Springfield, IL 62703, <br><br> Defendant. | Case No. <br><br><br><br><br> **COMPLAINT** <br><br><br><br><br> **Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff is a resident of the State of Illinois.

4- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

5- Defendant is with its principal place of business in the State of Utah.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

9- Prior to September 6, 2017, Plaintiff incurred a consumer debt (the "Debt").

10- Prior to September 6, 2017, Plaintiff defaulted on the Debt.

11- On September 6, 2017, Plaintiff filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code.

12- In Illinois, a Chapter 7 bankruptcy petition includes all pre-petition whether specifically listed in the bankruptcy schedules or not. *See In Re Mendiola*, 99 B.R. 863 (Bankr. N.D. Ill 1989).

13- Upon information and belief, the Debt was placed with Defendant for collection after September 6, 2017.

14- On December 4, 2017, Plaintiff received a discharge that included the Debt.

15- In or around January 2018, despite the bankruptcy petition and the discharge, Defendant telephoned Plaintiff several times to collect the Debt.

16- In or around February 2018, despite the bankruptcy petition and the discharge, Defendant telephoned Plaintiff several times to collect the Debt.

17- Upon information and belief, at the time of the communications referenced above, Defendant knew, or should have known, about the bankruptcy.

18- Defendant damaged Plaintiff.

19- Defendant violated the FDCPA.

## COUNT I

20- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

21- Defendant violated 15 USC § 1692e(2) by attempting to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy, thereby misrepresenting the legal status of the debt

## COUNT II

22- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

23- Defendant violated 15 USC § 1692e(10) by falsely representing to Plaintiff that it could collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

## COUNT III

24- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

25- Defendant violated 15 USC § 1692f by unfairly and unconscionably trying to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

## COUNT IV

26- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

27- Defendant violated 15 USC § 1692c(a)(2) by communicating with a consumer after Defendant knew, or should have known, that Plaintiff was represented by an attorney regarding the debt.

## JURY DEMAND

28- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29- Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b.  Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.  Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.  Any other legal and/or equitable relief as the Court deems appropriate.

                RESPECTFULLY SUBMITTED,

                Meier LLC

                By:/s/ Richard J. Meier
                401 N. Michigan Ave, Suite 1200
                Chicago, IL 60611
                Tel: 312-242-1849
                Fax: 312-242-1841
                Richard@meierllc.com
                *Attorney for Plaintiff*